IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICAH RAY KILGORE, #755456 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv461 |
| MICHAEL S. STEPHENSON, ET AL. | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, concludes that this civil rights action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Plaintiff has filed written objections (docket entry #18). He contends that the alleged due process violations occurred before the disciplinary case against him as well as during it, when he was found guilty. However, he enumerates the basis of his claims in his complaint:

> So my claims are these. Claim #1; My due process rights were violated when Captain Stephenson (by him) denied evidence in my behalf and would not allow me to bring it in my defense, because he said it was irrelevant, which it was not. Claim #2; My due process rights were violated in that the hearing tape was turned off during the taking of evidence, which is a direct violation of Disciplinary Rules and Procedures. Claim #3; I was removed from the hearing for no legitimate reason and found guilty in absentia, because I asked for the shower log as evidence in my behalf, which was denied. My due process rights were violated by Officer Gonzalez too because he lied, falsified state documentation on me. He also lied during the hearing and by saying it happened during shower time, contradicts what he wrote on the case, originally.

*See* Complaint at PageID #6. Clearly, these claims are all directly based on the disciplinary case of which Plaintiff complains. Thus, the complaint is an attempt to overturn it before it has been reversed, expunged or otherwise declared invalid, such as in federal habeas corpus proceedings.

That is improper. *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998), *cert. denied*, 525 U.S. 1151, 119 S. Ct. 1052, 143 L. Ed. 2d 58 (1999). Plaintiff's objections do not otherwise contradict the Report and Recommendation. It is noted that he contends the Report and Recommendation refers to a "Lt. Como" when he did not state such a name in the complaint. A close reading of the complaint reveals that Plaintiff at one point wrote "the Lt. came," in a semi-cursive handwriting, Complaint at PageID #4, which was mistakenly interpreted as a proper name, Como. That is inconsequential.

The Court has conducted a careful *de novo* review of the pleadings in this case, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that Plaintiff's objections are **OVERRULED** and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil case be and hereby is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that any and all other motions that may be pending in this civil action are hereby **DENIED**. Finally, it is

**ORDERED** that the Clerk shall provide a copy of this opinion to the Administrator of the Three-Strikes List for the Eastern District of Texas.

**So ORDERED and SIGNED this 22nd day of August, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**